JOHN VAUGHN

*vs.*  } Exceptions, etc., No. 1915.

GEORGE CLARKSON.

EVIDENCE IN ACTION FOR CRIMINAL CONVERSATION.

RESCRIPT.

*Filed June 10, 1896.*

The first exception, as disclosed by the record, is an offer of further testimony in regard to the statement of the wife, not made in the presence of the husband, during the time when it is claimed that the defendant was guilty of improper conduct with her.   The record does not show what the nature of the testimony was, or what it would tend to prove.   The court, therefore, has no means of determining whether the testimony proposed to be offered would have been admissible or not.

The second exception is on the refusal of the court to allow the question, "What, if anything, has Mrs. Vaughn told you about her having had a child by another man than Mr.

Vaughn" the reply to which was, "She did not tell me that." The admissibility of the question is afterwards argued, and it was ruled out ; but in view of the answer given, we do not see that we are called on to pass on the correctness of the ruling.

The third exception was to the refusal of the court to allow an inquiry from a witness as to her knowledge of the reputation of Mrs. Vaughn for virtue in England, while she was living there. It appears that the witness knew Mr. and Mrs. Vaughn five years before in England. The trial court refused to allow the question, on the ground that it was immaterial what people in England said of Mrs. Vaughn before anything had occurred between her and the defendant. The court is of the opinion that the character of a woman in another country, in other circumstances and associations, at a time so long previous, is too remote to be admissible in this case.

The fourth exception raises on the question, "State just what was said by Mrs. Vaughn when, as you say, Mrs. Clarkson tried to get her to leave Dr. Clarkson's house." The alleged object of the question was to show whose mind was the dominating mind in the whole transaction. But it appears that this was subsequent to the improper relations between the defendant and the plaintiff's wife, admitted by the defendant, and for that reason was inadmissible even on the question of damages.

We are not satisfied that the damages awarded are excessive. Most of the alleged newly discovered testimony is cumulative, and not of a character which would be likely to change the verdict.

New trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Page & Owen*, for plaintiff.

*Littlefield & Stiness*, for defendant.